IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **SERGIO TIJERINA-SALAZAR,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | PE:19-CV-00074-DC-DF |
| | § | |
| **FERMIN VENEGAS, III,** *et al.,* | § | |
| *Defendants.* | § | |

## ORDER

BEFORE THE COURT is Plaintiff Sergio Tijerina-Salazar's Motion Requesting Reconsideration of Two Terms of the Court's Order Setting an In-Person Hearing for April 8, 2022 (hereafter, "Motion for Reconsideration"). (Doc. 179). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Plaintiff's Motion for Reconsideration shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 179).

The Court initially scheduled a hearing via Zoom for the Motions to Exclude for March 25, 2022. (Doc. 161). At the hearing on March 25, 2022, the Court by verbal order reset consideration of the Motions to Exclude (Docs. 147, 149) for an in-person hearing on April 8, 2022, at 1:00 P.M. CT. Following the conclusion of the hearing, the Court entered an order (hereafter, "Order Setting Hearing") setting the hearing for April 8, 2022, at 1:00 P.M. CT, and ordering Plaintiff to produce both of "his designated experts at issue, Dr. Philip Martin and Antonio Rodriguez, in-person" at the hearing. (Doc. 178 at 1). Furthermore, the Court ordered Defendants Fermin Venegas Shearing, Inc., Fermin Venegas, III, and Venegas Contractors, Inc.'s (collectively, "Defendants") to, if they "are to at all rely during the hearing upon the testimony of accountant John Stokes, . . . to produce Mr. Stokes in-person" at the hearing as well. *Id.* at 1–2.

On March 28, 2022, Plaintiff filed his Motion for Reconsideration, asking the Court to reconsider two terms of the Order Setting Hearing pertaining to (1) Dr. Martin's mandated in-person appearance, as well as to (2) require Defendants "to bring physical evidence to the April 8 hearing."[1] (Doc. 179 at 1–2). Plaintiff asserts that Dr. Martin should be able to appear at the April 8, 2022, hearing via videoconference due to purported hardships, as well as his preparation for a videoconference appearance at the March 25, 2022, hearing.[2]

On March 30, 2022, Defendants filed a response, opposing both aspects of Plaintiff's Motion for Reconsideration. (Doc. 180). Plaintiff thereafter filed a Reply on March 31, 2022. (Doc. 181).

After due consideration, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Moton for Reconsideration (Doc. 179) as follows:

The Court **GRANTS** Plaintiff's request for Dr. Martin to appear via videoconference at the April 8, 2022, hearing. Therefore, it is **ORDERED** that Dr. Martin is permitted to appear at the scheduled April 8, 2022, hearing via videoconference. Plaintiff's other expert, Mr. Rodriguez, must still appear in-person at the April 8, 2022, hearing.

The Court **DENIES** Plaintiff's request that the Court order Defendants to bring physical evidence to the April 8, 2022, hearing. Defendants are still required to produce Mr. Stokes in-person at the April 8, 2022, hearing if they intend to utilize his testimony at the hearing.

It is so **ORDERED**.

SIGNED this 1st day of April, 2022.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

1. This notably does not relate to any "term" of the Order Setting Hearing. (*See generally* Doc. 178).
2. It should be remarked that Dr. Martin did indeed appear at the Zoom lobby for the March 25, 2022, hearing. (Doc. 178).