**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **SERGIO TIJERINA-SALAZAR,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:19-CV-00074-DC-DF** |
| | § | |
| **FERMIN VENEGAS, III,** *et al.*, | § | |
| *Defendants.* | § | |

## ORDER

BEFORE THE COURT is Plaintiff Sergio Tijerina-Salazar's ("Plaintiff") Third Opposed Motion to Compel Written Discovery from Defendant Fermin Venegas, III (hereafter, "Third Motion to Compel"). (Doc. 133). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Third Motion to Compel shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 133).

## I.   BACKGROUND

This suit's genesis is Plaintiff's work for Defendants Fermin Venegas (individually, "Venegas"), Fermin Venegas Shearing, Inc. (individually, "FVS"), and Venegas Contractors, Inc. (individually, "VCI") (collectively, "Defendants") as an H-2A visa recipient. (Doc. 47 at 1–2). Plaintiff alleges he was employed by the Defendants as a heavy equipment mechanic between 2011 and 2018. *Id*. On December 19, 2019, Plaintiff filed suit against Defendants for breach of contract, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1965, *et seq. Id.* at 2.

On October 26, 2020, the Court issued an order on a motion to compel, requiring Defendants to produce a multitude of discovery documents pertaining to Venegas's shearing and fencing business. (Doc. 27). Starting on October 24, 2021, Plaintiff filed three non-dispositive discovery

motions. (Docs. 95, 108, 113). On December 20, 2021, the Court issued an Omnibus Order granting in part each of two of Plaintiff's motions to compel against Venegas. (Doc. 130).

Eleven days later, on December 31, 2021, Plaintiff filed his Third Motion to Compel. (Doc. 133). Venegas filed a response to the Third Motion to Compel, to which Plaintiff filed a Reply. (Docs. 144, 156). Accordingly, this motion is ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule 37 governs motions to compel discovery or disclosure. FED. R. CIV. P. 37 ("[A] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). Federal Rule 37 allows such a motion when a party fails to answer an interrogatory under Federal Rule 33 or respond to a request for production under Federal Rule 34, provided such discovery requests are within the scope of Federal Rule 26(b). *See* FED. R. CIV. P. 37(a)(3); *accord Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received."). Under Federal Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Acosta v. FCA US LLC*, No. PE:16-CV-17-DAE-DF, 2016 U.S. Dist. LEXIS 197653, at *7, 2016 WL 10568253 at *3 (W.D. Tex. Oct. 7, 2016). In other words, the resisting party "must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)).

## III.     DISCUSSION

On December 31, 2021, Plaintiff filed his Third Motion to Compel. (Doc. 133). In his motion, Plaintiff seeks to utilize the provisions of Federal Rule 37 to compel "Venegas to answer in full and without objection" each of certain specified items of written discovery. *Id.* at 8.

The Third Motion to Compel encompasses eight interrogatories, seven requests for production, and one request for admission. (*See generally* Doc. 133). It must be noted that the Third Motion to Compel is almost entirely devoid of legal citations or statutory or Federal Rule authority, almost as though Plaintiff assumes the Court has untold insight into Plaintiff's precise legal arguments beyond the mention of Federal Rule 37 in the motion's Certificate of Conference as well as the specific invocation of Federal Rule 37(c)(1) in an exhibit attached to the motion. (*See generally* Doc. 133; *see also* Doc. 133-1 at 1). In the interest of thoroughness, the analysis will nevertheless be framed as one proceeding under Federal Rule 37.

After review of the parties' filings and the applicable case law, the Court held a hearing on March 25, 2022 ("March 25 hearing"). At the hearing, the Court ruled on each request in the Third Motion to Compel, and now **ORDERS** the following:

A. *Timeliness of Plaintiff's Third Motion to Compel*

This conferral requirement should be address at the outset. Venegas argues that Plaintiff failed to confer prior to filing his motion and that the motion itself is untimely filed. (Doc. 144 at 1). This argument rings eerily similar to a set of arguments advanced for and rejected in the Court's Omnibus Order from December 2021 (hereafter, "Omnibus Order"), to which Venegas refers regarding failure to confer. (*See* Docs. 130; 144 at 1–2). Venegas claims that Plaintiff possessed the burden under Federal Rule 37(a)(1) to demonstrate a proper, good faith attempt at resolving the instant discovery disputes with Venegas in a conference prior to filing, and that, as the Court previously found in its Omnibus Order, Plaintiff "has done it again." (Doc. 144 at 2). Venegas further attacks the timeliness of the Third Motion to Compel, claiming that because Plaintiff filed his motion "seven minutes before the deadline," Local Court Rule CV-16(e) concerning discovery motion

3

deadlines "implicitly requires that the parties confer with sufficient time before the discovery deadline." *Id.* Thus, Venegas asserts that Plaintiff "cannot expect Defendant to suddenly address Plaintiffs new purported discovery issues at the eleventh hour [during] the weeks of Christmas and New Year." *Id.* at 3.

Federal Rule 37(a)(1) requires a party moving to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1); *see also* Local Rule CV-7(g) (same). For each item of discovery requested in the motion, the movant must have "discussed [them] in good faith in an effort to resolve it as required by [Federal] Rule 37." *Anzures v. Prologis Tex. I LLC*, 300 F.R.D. 314, 316 (W.D. Tex. 2012). In attempting to define the bounds of "good faith," courts in the Fifth Circuit have weighed in on the issue. Where a good faith conferral or attempt to confer following a single letter or call initiation has been found lacking, courts have examined the required Certificate of Conference for the presence of details regarding "who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex. 2012) (citing *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996)). The movant is required to at least attempt a "two-way communication" and avoid "treat[ing] the informal negotiation process as simply a formal prerequisite to judicial review of the discovery dispute." *Id.* at 399. A single letter requesting a call or further communications has been found to be sufficient where the movant "demonstrated that the defendants have been unwilling in the related matter to produce discovery responses seeking the same information, even when ordered by this Court," *in addition* to the movant being "justified in assuming that this discovery dispute could not be resolved and that the defendants would try any tactic to delay production." *Barcosh, Ltd. v. Dumas*, No. 08-92-JVP-SCR, 2008 U.S. Dist. LEXIS 110605, at *4, 2008 WL 4286506, at *2 (M.D. La. Sept. 18, 2008).

The Court finds that Plaintiff has met the conferral requirement for the Third Motion to Compel. The discovery deadline—i.e., the deadline after which the Court would no longer intervene "except in extraordinary circumstances"—was to be December 31, 2021. (Doc. 82 at 1). In this instance, Plaintiff sent a letter to Venegas on December 20, 2021 (hereafter, "December 20 letter"), discussing some deficiencies in Venegas's discovery responses. (Doc. 156 at 1). Plaintiff's counsel and Venegas's counsel agreed to a two-way discussion of the December 20 letter for December 31, 2021, but that on New Year's Eve, Venegas's counsel "unilaterally canceled the call" and stated he "would supplement his responses instead." *Id.* Additionally, Plaintiff's counsel invited "further conference to avoid court involvement," but that Venegas's counsel nevertheless replied by "choosing court involvement." *Id.* at 2; (*see also* Doc. 133-1).

Plaintiff has engaged in sufficient good faith efforts to resolve the instant disputes prior to filing the Third Motion to Compel. Plaintiff had an agreed meeting for December 31, 2021, the discovery deadline date, and Venegas canceled at the last minute. The true "eleventh hour" act here is not Plaintiff's motion, but Venegas's schizoid attitudes towards resolving these discovery disputes. Even though Venegas did provide satisfactory supplemental answers to some of Plaintiff's requests present in the December 20 letter, it would be incredulous to say that Plaintiff's filing of a motion to compel the same on that very day was untimely given the last-minute change of plans as instigated by Venegas. (*See* Doc. 144-5 at 16). The December 20 letter described each of the items listed in the Third Motion to Compel; curiously, Venegas was astonished. The Court concludes that this reaction was unwarranted and that Venegas had thorough foresight of Plaintiff's concerns but nevertheless decided to cancel the December 31 meeting on a few hours' notice. Therefore, the Third Motion to Compel is timely and has satisfied the requirements of Federal Rule 37. (Doc. 32).

B.  *Interrogatories*

Plaintiff's motion seeks responses to the following 8 interrogatories: 1, 10, 12, 14, 17, 19, 22, 25.[1] (Doc. 133). Venegas only objected to the following interrogatories: 1 and 25.[2] With regards to the following objection-free interrogatories, Plaintiff seeks additional information: 10, 12, 14, 17, 19, and 22.

> a.   *Interrogatory 10*

The Court holds that the Third Motion to Compel as to Interrogatory 10 shall be **DENIED**. (Doc. 133). Plaintiff's Interrogatory 10 reads:

> Identify every person to whom any Fermin Venegas Defendant has sold livestock shearing services since December 1, 2015, including the dates when you sheared sheep for each identified person.

(Doc. 144-5 at 4). Plaintiff asserts that Venegas's response, even after multiple supplementary responses adding multiple shearing customers, is still insufficient because Venegas in his latest supplement in September 2021 "equivocated as to whether there could be others, and . . . failed to supply the requested dates." (Doc. 133 at 2). Venegas claims that his answer "with respect to customers for which there are invoices is complete," and is complete as well "with respect to customers for which there are no invoices," in compliance with Federal Rule 33(d). (Doc. 144 at 4). Venegas claims that the burden of "reviewing the checks [provided by Venegas] to determine the approximate dates of services" lies in part with Plaintiff. *Id.*

All responding parties have a "duty to respond to or answer a discovery request to the extent that it is not objectionable." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). Federal Rule 33 provides that "[a]n interrogatory may relate to any matter that may be inquired into under [Federal] Rule 26(b)." FED. R. CIV. P. 33(a)(2). On the other hand, "[t]he production of documents . . . . is governed by Federal Rule of Civil Procedure 34(a)." *Hernandez v. Results Staffing, Inc.*, 907 F.3d

---

1. Plaintiff has withdrawn his request as to Interrogatory 19 as having already obtained the information. (Doc. 156 at 3).

2. Plaintiff's Third Motion to Compel characterizes a majority of the disputed interrogatories as having objections levied against them; upon closer inspection, it is clear that Venegas has only objected to Interrogatories 1 and 25. (*See generally* Doc. 133; *see also* Docs. 133-2 at 3; 133-4 at 4-5).

354, 361 (5th Cir. 2018). Federal Rule 34(a) states that "[a] party may serve on any other party a request within the scope of [Federal] Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample [any designated documents] in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a). A request within the scope of Rule 26(b) includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b).

The Court finds that Venegas has provided all requested information. At the March 25 hearing, Venegas presented that there are no customers to whom he or his companies sold livestock shearing services other than those already listed in Venegas's responses. (*See* Doc. 184). Furthermore, the Court is convinced by Venegas's exclamation in briefings and at the hearing that Venegas's answers as provided concerning customers "for which there are invoices" and those "for which there are no invoices" are already complete. (Doc. 144 at 4). Plaintiff has not demonstrated that Venegas is withholding relevant information or is otherwise concealing information responsive to the interrogatory which has not already been produced. *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)) ("The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect. Should it later appear that requested information was not revealed or was deliberately concealed, a responding party or attorney would be subject to appropriate sanctions."). Therefore, the Court concludes that Interrogatory 10 has already been sufficiently answered. Accordingly, the Motion to Compel as to Interrogatory 10 shall be **DENIED**. (Doc. 133).

> b.  *Interrogatory 12*

The Court holds that the Third Motion to Compel as to Interrogatory 12 shall be **DENIED**. (Doc. 133). Plaintiff's Interrogatory 12 reads:

State all material facts that you allege to support each affirmative defense that you have asserted in any answer that you file in this litigation.

(Doc. 144-5 at 6). Plaintiff directs this to Venegas's twenty-eight affirmative defenses, which Plaintiff characterizes are conclusory, and the claim that Venegas failed to provide complete responses to the interrogatory. (Doc. 133 at 2–3). Plaintiff also propounds that, without Venegas's timely response, Venegas "should not be able to support any defense with facts that he failed to disclose in response to Interrogatory 12." *Id.* at 3.

The Court finds that Venegas has provided sufficient responses to Interrogatory 12. These types of interrogatories related to the factual bases behind affirmative defenses are known as "contention interrogatories" and are generally appropriate for the end of the discovery period. *Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. College*, No. 19-11793, 2021 U.S. Dist. LEXIS 194533, at *17, 2021 WL 4239080, at *6 (E.D. La. Mar. 16, 2021). Looking at Venegas's answers, it is clear that Venegas indeed provided some factual basis for each of his affirmative defenses—for example "the defense of estoppel" or "statute of limitations" under certain federal statutes. Furthermore, at the March 25 hearing, Plaintiff in response to the Court's questioning explained that he was unable to determine how Venegas's provided answers are insufficient concerning his affirmative defenses. (*See* Doc. 184). Plaintiff has not demonstrated that Venegas is withholding relevant information or is otherwise concealing information responsive to the interrogatory which has not already been produced. *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)). Therefore, the Court concludes that Interrogatory 12 has already been sufficiently answered. Accordingly, the Motion to Compel as to Interrogatory 12 shall be **DENIED**. (Doc. 133).

c. *Interrogatory 14*

The Court holds that the Third Motion to Compel as to Interrogatory 14 shall be **DENIED**. (Doc. 133). Plaintiff's Interrogatory 14 reads:

> If you deny, in whole or in part, any request for admission served on you in this lawsuit, then for each denial:
>
> a.  state all facts on which you base each denial;
> b.  identify all persons with knowledge of facts supporting each denial; and
> c.  identify all documents supporting each denial.

(Doc. 144-5 at 11). Plaintiff says that Venegas has "denied Requests for Admission 4 through 8 without explaining any of those denials." (Doc. 133 at 3). While Venegas claims his responses to Interrogatory 14 were complete, Plaintiff asserts that Venegas's answer failed to refer to "all those persons and documents upon which he actually relied." (Docs. 144 at 5; 156 at 3).

Looking at Venegas's responses for each of the four requests for admission, the Court believes Venegas has answered sufficiently the interrogatory for each of the four relevant requests for admission. Venegas in one of his supplemental answers explains thoroughly the factual bases for his four disputed requests for admission, and thoroughly details where Plaintiff can locate the supporting documents for his bases. To the extent that Venegas's response is unclear for Requests for Admission 7, Venegas clarified to the Court at the March 25 hearing that the relevant supporting documents are those "earning statements [which] have been produced in discovery." (Doc. 144-5 at 12; *see also* Doc. 184). Plaintiff has not demonstrated that Venegas is withholding relevant information or is otherwise concealing information responsive to the interrogatory which has not already been produced. *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)). Therefore, the Court concludes that Interrogatory 14 has already been sufficiently answered. Accordingly, the Motion to Compel as to Interrogatory 14 shall be **DENIED**. (Doc. 133).

### d.  Interrogatory 17

The Court holds that the Third Motion to Compel as to Interrogatory 17 shall be **DENIED**. (Doc. 133). Plaintiff's Interrogatory 17 reads:

Identify every business organization in which you have participated as an owner, proprietor, equity holder, officer, director, partner, executive, or employee since January 1, 2015 by stating:

   a.  all names under which the business has operated;

   . . .

   f.  all telephone numbers, mobile phone numbers, facsimile numbers, website addresses, and email addresses used by the business to communicate about or with employees via voice or text;

   . . .

   i.  the identity of each person who has been an owner, equity holder, partner, officer, director, or manager of the business, and each such person's, dates of service, and, if applicable, share of ownership.

(Doc. 144-4 at 2–3). Plaintiff claims that Venegas's responses to this interrogatory, as well as Requests for Production 20, 31, and 32, are "incomplete answers and boilerplate objections," and that the Court has "already twice warned [Venegas] against these boilerplate objections." (Doc. 133 at 3). Venegas contests whether the interrogatory addresses cell phone records and telephone numbers of H-2A employees, stating that it actually refers to "business organizations owned by [Venegas]." (Doc. 144 at 5). Venegas further denies ever having made any objections to Interrogatory 17. *Id.* at 5–6.

   Upon review of Venegas's responses, it is clear that Venegas has thoroughly responded without objection to Plaintiff's Interrogatory 17, with each business as requested listed as well as accompanying phone numbers. At the March 25 hearing, Plaintiff informed the Court that he was seeking specifically the time and frequency of cellphone calls between Venegas himself and his H-2A employees. (*See* Doc. 184). Venegas, however, exclaimed that for the relevant time period of January 1, 2015, through December 19, 2019, in this case as established by the Court's Omnibus Order, he does not possess the documents Plaintiff is requesting. (Doc. 130). Plaintiff has not demonstrated that Venegas is withholding relevant information or is otherwise these documents as would be responsive to the interrogatory which have not already been produced. *Heller v. City of*

*Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)). Therefore, the Court concludes that Interrogatory 17 has already been sufficiently answered. Accordingly, the Motion to Compel as to Interrogatory 17 shall be **DENIED**. (Doc. 133).

  *e.   Interrogatory 22*

  The Court holds that the Third Motion to Compel as to Interrogatory 22 shall be **DENIED**. (Doc. 133). Plaintiff's Interrogatory 22 reads:

> Describe every person who has performed work for you at any time since January 1, 2015, regardless of whether you consider the person an employee or independent contractor, by stating:
>  a. all information contained in the definition of "identify" above;
>  b. all dates that each person worked for you;
>  c. the type of work each person did for you on each listed date; and
>  d. which of your businesses the person worked for on each listed date.

(Doc. 133-2 at 3). Plaintiff asserts that Venegas's responses lack the requested dates as well as the "names of the specific businesses for which each worker" was employed. (Doc. 133 at 4). Venegas claims that he has answered Plaintiff's interrogatory thoroughly, while Plaintiff replies that Venegas failed to answer which of his businesses employed each employee, or what the responsibilities of each employee were. (Docs. 144 at 7; 156 at 4).

  Upon review of Venegas's responses, the Court holds that Venegas has provided adequate responses to Interrogatory 22. Venegas has provided extensive information on both H-2A and non-H-2A employees in his responses. (Doc. 144-7 at 3–11). Plaintiff has not demonstrated that Venegas is withholding relevant information or is otherwise concealing information responsive to the interrogatory which has not already been produced. *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)). Therefore, the Court concludes that Interrogatory 22 has already been sufficiently answered. Accordingly, the Motion to Compel as to Interrogatory 22 shall be **DENIED**. (Doc. 133).

  *f.   Interrogatory 25*

The Court holds that the Third Motion to Compel as to Interrogatory 25 shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 133). Plaintiff's Interrogatory 25 reads:

> Describe the quantity and type of labor that is required to complete fencing jobs by stating the following information for each of the **nine** invoices attached to this document:
>
> > a.   state where the fence described in the invoice is located, and do so in sufficient detail for an outside observer to be able to find it;
> > b.   state your most accurate estimate of the total number of hours of labor that were required to construct the fence described in the invoice;
> > c.   list all tasks that you included in your estimate of hours; and
> > d.   state the number of hours that you estimated for each task.

(Doc. 133-2 at 3) (emphasis added). Plaintiff notes that Venegas refused to respond to this interrogatory, and that "all but one of his objections[, including his vagueness objection,] are spurious and unsupportable on their face." (Doc. 133 at 5). Plaintiff also insists that the sole non-spurious objection should be overruled because VCI, while receiving an identical interrogatory to Interrogatory 25, itself served interrogatories on Plaintiff as did Venegas, and therefore Venegas should respond to this interrogatory as would be "fair and efficient." *Id.* Venegas contends he has answered 117 interrogatories if the subparts of Interrogatories 1 through 24 are considered, and that Interrogatory 25 "is really Interrogatories 118 to 122." (Doc. 144 at 8). Venegas surmises Interrogatory 25 is "actually 36 separate interrogatories." *Id.* Venegas further counters Plaintiff's request to "estimate" the number of hours for certain jobs, which Venegas "cannot do." *Id.* Thus, Venegas objected on two primary grounds: Interrogatory 25 (1) exceeds the default interrogatory amount rule in Federal Rule 33; (2) is overbroad, vague, ambiguous, and calls for speculation. (Doc. 133-2 at 3-4).

The Federal Rules of Civil Procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to base on its objections and why." *Id.* at 14; *see also Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018) (noting that "[o]bjections to discovery must be made with specificity"). With regards to specific objections, "[g]eneral or boilerplate objections are invalid,"

since the responding party has an obligation "to explain and support its objections." *Lopez*, 327 F.R.D. at 578; *see also* FED. R. CIV. P. 34(b)(2). When a party fails to present an affidavit or other evidentiary proof supporting their resistance to discovery, "as a general matter, [the failure] makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490. Objections relating to "vague or ambiguous" discovery requests also present the burden of showing such vagueness or ambiguity. For this demonstration, the "responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories" and, "[i]f necessary to clarify its answers, . . . may include any reasonable definition of the term or phrase at issue." *Id.* at 491. If the responding party believes a request is vague, it should "attempt to obtain clarification prior to objecting on this ground." *Consumer Elecs. Ass'n v. Compras & Buys Mag., Inc.*, No. 08-21085-CIV, 2008 U.S. Dist. LEXIS 80465, at *6, 2008 WL 4327253, at *1 (S.D. Fla. Sept. 18, 2008).

To the extent that Venegas objects to Plaintiff's interrogatory on the basis that it is vague, the Court observes that Venegas's response fails to explain how "total number of hours of labor that were required to construct the fence described in the invoice," "all tasks that you included in your estimate of hours," or "number of hours that you estimated for each task" is vague, ambiguous, or unduly burdensome. As to vagueness, the Court previously ruled in the Omnibus Order that Venegas cannot supply "vagueness" objections without explaining why the answer is vague and obtaining clarification prior to objecting on said ground. (*See* Doc. 130). Venegas provides no alternative or reasonable definition, and no indication that he previously tried to seek clarification from Plaintiff, as is required. Therefore, the Court **OVERRULES** Venegas's vague, ambiguous, speculative, and overbreadth objections.

The Court finds that this does not result in a total victory for Plaintiff, however. Plaintiff suggests a willingness to reduce from nine to five the number of fences for which he seeks a response. (Doc. 156 at 4). Venegas's interrogatory enumeration objections, thus, are proper, as

Plaintiff implicitly admits in his offer. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." *Superior Sales West, Inc. v. Gonzalez*, 335 F.R.D. 98, 103 (W.D. Tex. 2020) (citing FED. R. CIV. P. 33(a)(1)). The Federal Rules do not define "discrete subparts," and "[a]lthough there is no precise test for determining 'discreteness' under a [Federal] Rule 33(a)(1) inquiry, most courts follow the 'related question' approach." *Moser v. Navistar Int'l Corp.*, No. 4:17-cv-598, 2018 U.S. Dist. LEXIS 127007, at *17, 2018 WL 3614012, at *6 (E.D. Tex. July 27, 2018) (quoting *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 196 (E.D. Tex. 2016)); *see also Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998); *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997). One articulation of the inquiry is that where one interrogatory can be separated into multiple questions, "subparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories." *Moser*, 2018 U.S. Dist. LEXIS 127007, at *17, 2018 WL 3614012, at *6 (quoting *Erfindergemeinschaft*, 315 F.R.D. at 196). But "where the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within [it]." *Moser*, 2018 U.S. Dist. LEXIS 127007, at *17-*18, 2018 WL 3614012, at *6. The test "cannot reliably be captured by a verbal formula," and depends upon a case-by-case assessment. *Moser*, 2018 U.S. Dist. LEXIS 127007, at *18, 2018 WL 3614012, at *6 (quoting *Erfindergemeinschaft*, 315 F.R.D. at 197).

The Parties evidently have not stipulated to more than 25 interrogatories, and the Court has not previously ordered as such. Each subpart to Interrogatory 25, concerning the practical and labor implications of a given fencing job, is conceivably related to the primary fencing job inquiry, and therefore is subsumed within the primary interrogatory question. (Doc. 133-2 at 3). However, Plaintiff is asking Venegas to respond concerning nine different fencing job invoices, and thus nine

different factual scenarios. Thus, the Court **SUSTAINS IN PART** Venegas's excessive interrogatory objection.

The Court further finds that, irrespective of whether each prior interrogatory is but a single interrogatory under the related question approach,[3] Plaintiff should be allowed to inquire about five (5) invoices for his twenty-fifth interrogatory. These invoices will collectively count as a single interrogatory, presented as Interrogatory 25. Plaintiff is to select five of his nine proposed invoices about which he will seek answers from Venegas.

Accordingly, the Motion to Compel as to Interrogatory 25 shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 133).

> *g.  Interrogatory 1*

The Court holds that the Third Motion to Compel as to Interrogatory 1 shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 133). Plaintiff's Interrogatory 1[4] reads:

> For each tax year 2015, 2016, 2017, and 2018, describe exactly how you calculated the "Cost of labor" that you reported in Line 37 of Schedule C for Venegas Contractors as follows:
>> a.    identify every person who you paid part of the total "Cost of Labor" that you reported each year;
>> b.    state the amount you paid to each person identified; and
>> c.    describe all services and goods that you received in exchange for the amount that you paid to each person identified, and do so in sufficient detail to indicate whether the expenditure was properly listed as a "Cost of labor."

(Doc. 133-4 at 4). Plaintiff recalls that Venegas refused to answer the questions posed towards VCI[5] for three reasons: (1) "the interrogatory contains three discrete subparts"; (2) "the interrogatory is vague"; and (3) Defendant "Venegas Contractors, Inc. cannot answer because it did not file income tax returns," but rather Venegas himself did. (Doc. 133 at 7–8). Plaintiff disputes with detail the third

---

3. The instant order will authorize the interrogatories to exceed the default amount to the extent that they may so do. *See Bashiri v. Alamo Cmty. College Dist.*, No. SA-07-CA-1028-XR, 2009 U.S. Dist. LEXIS 140495, at *14, 2009 WL 10669895, at *5 (W.D. Tex. Feb. 25, 2009).
4. Plaintiff's Interrogatory 1 was served on Defendant Venegas Contractors, Inc., unlike the remainder of the discovery questions. (*See* Doc. 133-4).
5. Plaintiff refers to a "Venegas Construction, Inc." in his Third Motion to Compel. (Doc. 133 at 8). There is no defendant by this name; Plaintiff appears to have mistaken this nonexistent party for VCI.

objection, since Venegas "is the sole owner and operator of the business," VCI served written

discovery on Plaintiff and therefore acted as an independent Defendant, and VCI "chose to report the

'cost of labor' on [Venegas's] tax returns." *Id.* Venegas asserts VCI is a separate legal entity which

never did business and is now defunct, and that Plaintiff cannot compel Venegas to answer co-

Defendant VCI's interrogatory without a motion to compel against VCI. (Doc. 144 at 10). Venegas

further claims that FVS is the entity reported on Venegas's personal Schedule C, and not VCI; also,

Venegas claims "'Venegas Contractors' without the 'Inc.' is an assumed name of FVS." *Id.* at 11.

Plaintiff in his Reply accuses Venegas of commingling his "business dealings," and notes that

Venegas's accountant, John Stokes, testified that he could locate the answer to Interrogatory 1. (Doc.

156 at 5).

VCI made vagueness objections, but did not explain them or even identify the problem

segments of the interrogatory. (Doc. 133-4 at 4). Thus, VCI's vague and ambiguous objections are

improper on their face, and the Court **OVERRULES** them accordingly.

As for the excessive interrogatory objection, as noted above in the Court's discussion of

Interrogatory 25, the Court authorizes the increase in allotted interrogatories as necessary to require

Venegas's response to five invoices pertaining to Interrogatory 25. Pertaining to Interrogatory 1 as

well, the Court authorize a further increase in allotted interrogatories as necessary to require

Venegas's response to Interrogatory 1. Thus, the Court **OVERRULES** the excessive interrogatory

objection.

Regarding the corporate distinction between VCI and Venegas himself, no party has provided

any case law supporting their arguments. At the March 25 hearing, the Court heard arguments

concerning VCI's defunct status, as well as the distinction between VCI and Venegas. (*See* Doc.

184). Considering the arguments presented in the Parties' briefings as well as at the March 25

hearing, the Court finds that Venegas himself should be required to produce an answer to

Interrogatory 1 on behalf of VCI if such information exists. It was made clear at the March 25

16

hearing, as well as in Venegas's own response to Interrogatory 1, that the relevant tax return is the

2017 tax return for Venegas himself. Thus, if Venegas is in possession, custody, or control of the

information behind the calculation of Line 37 of Schedule C of Venegas's 2017 tax return, Venegas

must utilize it to produce a sufficient answer responsive to Interrogatory 1. If Venegas is to respond

to this on behalf of VCI, however, Plaintiff should select a single tax return for which Venegas is to

supply an explanation as to Line 37 of Schedule C. Accordingly, the Motion to Compel as to

Interrogatory 1 shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 133).

C.  *Requests for Production*

Plaintiff's motion seeks production of documents pursuant to the following 7 requests: 20,

22, 23, 27, 28, 31, 32.[6] (Doc. 133). Venegas allegedly objected to the requests for production except

for 20, for which Plaintiff seeks additional information.

a.  *Request for Production 20, 31, and 32*

The Court holds that the Third Motion to Compel as to Requests for Production 20, 31, and

32 shall be **DENIED**. (Doc. 133). Plaintiff's Request for Production 20 reads:

> Produce all account statements itemizing all cell phone calls made from your cell
> phone number (325) 650-9657 since January 1, 2015.

Plaintiff's Request for Production 31 reads:

> Produce all account statements itemizing all calls made to or from a mobile telephone
> on an account that was registered in your name or paid for by you since January 1,
> 2015.

Plaintiff's Request for Production 32 reads:

> Produce all text messages and other electronically stored information concerning any
> of your business communications with Jessica Venegas, Jesus Guerrero, Armando
> Zapata Rivas, Jr., Armando Zapata Rivas, Sr., or any of your H-2A employees after
> January 1, 2015.

---

6. Plaintiff has withdrawn his request as to Interrogatory 28 as having already obtained the documents. (Doc. 156 at 5).

(Doc. 133-2 at 5, 6; 133-3 at 19). Plaintiff characterizes some of Venegas's responses to these requests for production, as well as Interrogatory 17, as "incomplete answers and boilerplate objections," and notes that the Court has "already twice warned [Venegas] against these boilerplate objections." (Doc. 133 at 3). As to Request for Production 20, like with Interrogatory 17, Venegas defends exclaiming he asserted no objections, contrary to Plaintiff's assertion. (Doc. 144 at 6). Regarding Requests for Production 31 and 32, Venegas re-asserts his position that the requests are "overbroad, not limited in any way" to the case's issues, and are "mere fishing expeditions." (Doc. 144 at 6). Venegas claims that the requests are not limited to the scope of discovery as the Court defined it in the Omnibus Order. *Id.* at 7. Venegas further insists that an unlimited inquiry into the phone records not only would require "an extraordinary amount of time and effort redacting privileged and personal calls," but would also not be fruitful as calls to Venegas's workers would not indicate whether they were actually working during the calls. *Id.*

It is true that all discovery requests must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, parties resisting discovery based on proportionality still bear the burden of showing that "discovery fails the proportionality calculation," which they must do "by coming forward with specific information to address . . . the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) (citing Fed. R. Civ. P. 26).

Concerning the objections, Venegas did not assert objections to Request for Production 20, but merely stated that he does not possess the phone number described. (*See* Doc. 133-3 at 19). As to Requests for Production 31 and 32, the Court in its Omnibus Order limited the scope of discovery for business-related cellphone records to a period from January 1, 2015, to December 19, 2019. (Doc. 130 at 28–29). This range is substantially more limited than the unbridled "after January 1, 2015,"

18

request; the suggested timeframe is indeed overbroad. (Doc. 130). The Court finds Venegas has met his burden of presenting an overbreadth objection as to Requests for Production 31 and 32, and the Court therefore **SUSTAINS** Venegas's objections regarding Requests for Production 31 and 32.

At the March 25 hearing, the Court denied Plaintiff's request to compel Venegas to respond to Interrogatory 17, the overarching interrogatory upon which Requests for Production 20, 31, and 32 rely. (*See* Doc. 184). Because the Court finds Venegas's response to Interrogatory 17 complete, there no longer exists, as Plaintiff's counsel agreed at the hearing, a formidable basis upon which Plaintiff can request further production of the relevant information. The Court also finds independently that Venegas's answers to Requests for Production 20, 31, and 32 are complete, since Venegas asserted that, if the objections are overruled, Venegas is not aware of further responsive information or documents that can be provided for any of the requests. Plaintiff has not demonstrated that Venegas is withholding relevant documents or is otherwise concealing information responsive to the requests for production which has not already been produced. *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)). Therefore, the Court concludes that Interrogatory 22 has already been sufficiently answered.

Accordingly, the Motion to Compel as to Requests for Production 20, 31, and 32, shall be **DENIED**. (Doc. 133).

> b. *Requests for Production 22 and 27*

The Court holds that the Third Motion to Compel as to Requests for Production 22, 27, and 28 shall be **DENIED**. (Doc. 133). Plaintiff's Request for Production 22 reads:

> Produce all contracts signed by any of your H-2A workers after January 1, 2015.

Plaintiff's Request for Production 27 reads:

> Produce all documents, including personal checks, concerning bonuses you have paid to any of your H-2A employees since January 1, 2015.

(Docs. 133-2 at 4; 133-3 at 21). Plaintiff maintains that Venegas, as would be necessary for litigation, has refused to produce both Venegas's "foreign workers for deposition," as well as documents which would corroborate Venegas's foreign workers' testimony relating to his being the "ideal boss who showered them with bonuses and gifts." (Doc. 133 at 5–6). Venegas claims that he has produced his foreign workers, and that he also produced documents responsive to all three requests for production, and that there is nothing left to supplement. (Doc. 144 at 9). Plaintiff's Reply as to Request for Production 22 notes that the responsive contracts are not listed at the pincite in Venegas's cited document. (Doc. 156 at 4).

As Plaintiff notes regarding Request for Production 22, the document Venegas cites (Doc. 115-1) does not indicate any index of contracts for H-2A workers, and may just be a typographical error. In any event, as with Requests for Production 31 and 32, the Court in its Omnibus Order limited the scope of discovery for business-related cellphone records to a period from January 1, 2015, to December 19, 2019. (Doc. 130 at 28–29). This range is substantially more limited than the unbridled "after January 1, 2015," request; the suggested timeframe is indeed overbroad. (Doc. 130). The Court finds Venegas has met his burden of presenting an overbreadth objection as to Requests for Production 22 and 27, and the Court therefore **SUSTAINS** Venegas's objections regarding Requests for Production 22 and 27.

Regardless of the objections, for Requests for Production 22 and 27, to which Venegas's counsel states almost every financial record has been produced. Furthermore, at the March 25 hearing, Venegas exclaimed that he had produced all documents and supplemented as necessary, and that no additional documents are available. (*See* Doc. 184). Plaintiff has not demonstrated that Venegas is withholding relevant documents or is otherwise concealing information responsive to the requests for production which has not already been produced. *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)). Therefore, the Court finds that Requests for Production 22 and 27 have already been satisfied.

Accordingly, the Motion to Compel as to Requests for Production 22 and 27 shall be

**DENIED**. (Doc. 133).

      *c.* *Request for Production 23*

The Court holds that the Third Motion to Compel as to Request for Production 23 shall be

**DENIED**. (Doc. 133). Plaintiff's Request for Production 23 reads:

> Produce all electronically stored information in native format (the data files stored on your computers) concerning the pay that you provided to H-2A workers after January 1, 2015, including all information concerning how you calculated each amount of pay and the computer programs you used to do so.

(Doc. 133-3 at 22). Plaintiff claims Venegas produced annual income information, but in refusing to

provide weekly income information "provides no explanation for why the weekly income invades

privacy in a way that annual income does not." (Doc. 133 at 6). Plaintiff further asserts that

Venegas's purported production of "paper copies of some of these records" is not allowed under

Federal Rule 34(b)(1)(C) "when the documents are requested in electronic form." *Id.* Venegas asserts

"complete payroll records for all of [Venegas's] companies" have been produced in both paper and

electronic form multiple times. (Doc. 144 at 9). Plaintiff replies with the notion that Federal Rule

34(b)(1)(C) entitles him to discovery in the "native electronic form in which he specifically requested

it," and suggests that the Quickbooks software should be used. (Doc. 156 at 4–5).

Venegas objected as to overbreadth and relevancy. As with aforementioned requests for

production, the Court in its Omnibus Order limited the scope of discovery for business-related

cellphone records to a period from January 1, 2015, to December 19, 2019. (Doc. 130 at 28–29). This

range is substantially more limited than the unbridled "after January 1, 2015," request; the suggested

timeframe is indeed overbroad. (Doc. 130). The Court finds Venegas has met his burden of

presenting an overbreadth objection as to Request for Production 23, and the Court therefore

**SUSTAINS** Venegas's objections regarding Requests for Production 23.

Even beyond the objections, Venegas also claims he provided the requested documents in electronic form. Under Federal Rule 34(b)(1)(C), a request for production "may specify the form or forms in which electronically stored information is to be produced." *Lechuga v. Magallanes*, No. MO:16-CV-00269-RAJ-DC, 2017 U.S. Dist. LEXIS 221493, at *14, 2017 WL 8180781, at *5 (W.D. Tex. June 1, 2017) (citing FED. R. CIV. P. 34(b)(1)(C)). Additionally, the response to a request for production of electronically stored information "may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use." *McDonnel Grp., LLC v. Starr Surplus Lines Ins. Co.*, No 18-1380, 2018 U.S. Dist. LEXIS 170539, at *2, 2018 WL 4775063, at *1 (E.D. La. Oct. 3, 2018) (citing FED. R. CIV. P. 34(b)(2)(D)). Information must be produced either "as they are kept in the usual course of business" or "in a reasonably usable form." *Van Overdam v. Tex. A&M Univ.*, No. 4:18-CV-02011, 2021 U.S. Dist. LEXIS 196709, at *3 (S.D. Tex. Jan. 28, 2021) (citing FED. R. CIV. P. 34(b)(2)(E)(i)–(ii)).

Venegas argues Plaintiff has already received the documents in electronic form, Excel and PDF. Plaintiff has not argued that the documents produced in Excel format versus Quickbooks format would be unduly burdensome. The Court believes that the Excel and PDF formats as provided by Venegas are sufficient, and that Plaintiff has not demonstrated that these alternatives to Quickbooks are not reasonably usable or are not kept in the usual course of Venegas's relevant business. Accordingly, the Motion to Compel as to Request for Production 23 shall be **DENIED**. (Doc. 133).

### D.  Request for Admission

#### a.  Request for Admission 6

The Court holds that the Third Motion to Compel as to Request for Admission 6 shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 133). Plaintiff's Request for Admission 6 reads:

Admit that each calendar year between 2003 and 2018, you presented one or two H-2A applications to the federal government for the purpose of obtaining permission to employ foreign workers within the United States, and that you read and understood each application before presenting it to the federal government.

(Doc. 133-2 at 6). Plaintiff insists that Venegas's response is "muddle[d] . . . with improper objections," and that even if the request for admission was vague, Venegas is required to "state his reasonable interpretation and answer based on" Venegas's interpretation of it. (Doc. 133 at 7). Venegas maintains his response was proper and incompliance with Federal Rule 36, and that Plaintiff's request entailing "H-2A applications to the federal government" is vague, inapplicable, and falls outside of the Court-established discovery period by twelve years. (Doc. 144 at 10).

Venegas correctly notes that the discovery period established in the Omnibus Order is from January 1, 2015, until December 19, 2019. (Doc. 130). It is difficult to ponder how or why Plaintiff believes documents starting in 2003 would benefit his RICO claims. Therefore, the Court **SUSTAINS** Venegas's objection as to Request for Admission 6 concerning the relevant time period.

As to the vague and ambiguous objections, Venegas again fails to explain or provide his own reasonable interpretation. As to vagueness, the Court previously ruled in the Omnibus Order that Venegas cannot supply "vagueness" objections without explaining why the answer is vague and obtaining clarification prior to objecting on said ground. (*See* Doc. 130). Venegas provides no alternative or reasonable definition, and no indication that he previously tried to seek clarification from Plaintiff, as is required. Therefore, the Court **OVERRULES** Venegas's vague and ambiguous objection as to Request for Admission 6.

At the March 25 hearing, the Court was informed that Venegas has already admitted and denied all portions of the request, and that therefore, Plaintiff cannot compel him further. However, the Court is cognizant of the importance which H-2A applications present to Plaintiff's case and will ensure Plaintiff's request is thoroughly answered. Plaintiff exclaimed that "H-2A applications" refers to Forms ETA-790 and ETA-9142, to which Venegas has not made reference. Venegas must so

23

answer. Accordingly, the Motion to Compel as to Request for Admission 6 shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 133).

## IV.   CONCLUSION

Based on the foregoing discussion, the Third Motion to Compel shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 133). Therefore, the following is **ORDERED**:

- Interrogatory 1: Plaintiff shall select which one of Venegas's tax returns he would request Venegas to address, the response to which shall constitute a full and complete response to Interrogatory 1. Plaintiff shall designate said tax return by **Monday, April 18, 2022,** and notify Venegas within a reasonable time. Additionally, Venegas shall sufficiently respond to the reformed Interrogatory 1 within **seven (7) days** of the receipt of Plaintiff's enumerated tax return.

- Interrogatory 25: Plaintiff shall select five of the nine originally provided fencing job invoices which he would request Venegas to address, the responses to which shall constitute a full and complete response to Interrogatory 25. The reformed Interrogatory 25 shall constitute a single interrogatory under Federal Rule of Civil Procedure 33. No further interrogatories shall be issued or served except as provided for in this Order. Plaintiff shall designate the five invoices by **Monday, April 18, 2022,** and notify Venegas within a reasonable time. Additionally, Venegas shall sufficiently respond to the reformed Interrogatory 25 within **seven (7) days** of the receipt of Plaintiff's enumerated five invoices.

- Request for Admission 6: Venegas shall sufficiently and completely respond to Request for Admission 6 concerning the H-2A Forms ETA-790 and ETA-9142. The relevant timeframe for the response to Request for Admission 6 shall be limited to the discovery period of January 1, 2015, until December 19, 2019, as established in the Court's Omnibus Order. (Doc. 130). Additionally, Venegas shall produce the response by **Monday, April 18, 2022.**

Lastly, it is **ORDERED** that the Third Motion to Compel be **DENIED** in all other respects. (Doc. 133).

It is so **ORDERED**.

SIGNED this 11th day of April, 2022.


_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE