IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **SERGIO TIJERINA-SALAZAR,** *Plaintiff,* | § § § |
| v. | §   PE:19-CV-00074-DC-DF |
| **FERMIN VENEGAS, III,** *et al.*, *Defendants.* | § § § § |

## ORDER

BEFORE THE COURT are Defendants Fermin Venegas, III, Fermin Venegas Shearing, Inc., and Venegas Contractors, Inc.'s (collectively, "Defendants") Motion for Leave to File Surreply to Plaintiff's Motion for Partial Summary Judgment (hereafter, "Motion for Leave"). (Doc. 196). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **DENIES** Defendants' Motion for Leave. (Doc. 196).

### I.  BACKGROUND

Plaintiff filed the instant lawsuit on December 19, 2019. (Doc. 1). Plaintiff filed a Second Amended Complaint on April 23, 2021, which presents four separate causes of action. (Doc. 47). First, Plaintiff claims Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay Plaintiff "at least the minimum wage for all hours worked," as well as "the required overtime wages for all hours worked over 40 hours during each week." (*Id.* at 19–20). Plaintiff's second federal law claim is for a violation of § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* Plaintiff asserts Defendants operated a RICO enterprise which, through visa fraud as defined by 8 U.S.C. § 1324 and 18 U.S.C. §§ 1351 and 1546, "reduc[ed] their labor costs under a series of annual H-2A visa applications . . . for the unlawful purpose of

1

exploiting foreign laborers for their own financial gain." (*Id.* at 22–23). As a related claim, Plaintiff also asserts Defendants conspired to violate § 1962(d) of RICO by engaging in immigration fraud as defined by 8 U.S.C. § 1324 and 18 U.S.C. §§ 1351 and 1546, whereby Defendants "shared among themselves proceeds from [the] exploitation of laborers while [they] all knew that H-2A laborers were only available to [] Defendants due to visa fraud and assignment of unauthorized work." (*Id.* at 26–27).

Plaintiff also asserts a state law claim for breach of contract. Plaintiff asserts although he "satisfactorily performed" his duties and responsibilities under his employment contracts, Defendants failed to comply with provisions of the contracts concerning "hours, records, pay, work type, earnings statements, FLSA compliance, wages . . . , and reimbursement for travel and related costs." (*Id.* at 20–21). In the alternative, Plaintiff alleges a claim for quantum meruit, asserting he is entitled to "the appropriate prevailing wage in effect at the time" of Plaintiff's employment. (*Id.* at 21–22).

On January 31, 2022, Plaintiff filed a Motion for Partial Summary Judgment, seeking essentially an adjudication as to the definition of "agricultural" under the FLSA. (Doc. 153 at 1–2). Defendants filed a Response to Plaintiff's summary judgment motion on March 14, 2022, to which Plaintiff filed a Reply on April 7, 2022. (Docs. 162, 186). Defendants filed the instant Motion for Leave on April 21, 2022, asserting that a surreply is necessary in order to address Plaintiff's purportedly "incorrect" reading of *Reich v. Tiller Helicopter Services*, from the United States Fifth Circuit Court of Appeals. (Doc. 196 at 2); *see Tiller Helicopter*, 8 F.3d 1018 (5th Cir. 1993). Defendants also seek to "inform the Court of a case that is factually and legally analogous to this case," being *Vanegas v. Signet Builders, Inc.*, from the District Court for the Western District of Wisconsin. *Id.* Plaintiff has filed a Response to the Motion for Leave, and Defendants have filed a Reply. (Docs. 199, 201); *see Signet Builders*, 554 F. Supp. 3d 987 (W.D. Wis. 2021).

## II.     LEGAL STANDARD

Under the Local Rules for the Western District of Texas, "A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed." Local Rule CV-

7(e)(1). Accordingly, because neither the Federal Rules of Civil Procedure nor the Local Rules for the Western District of Texas provide for a right to file a surreply, such filings "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 3634215, at *2 (S.D. Tex. Aug. 24, 2017) (quoting *Weaver v. Celebration Station Props., Inc.*, No. H-14-2233, 2015 WL 1932030, at *3 (S.D. Tex. Apr. 28, 2015)). Leave to file a surreply may be granted "in extraordinary circumstances on a showing of good cause." *Mission Toxicology, LLC v. UnitedHealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (citations omitted) (quotation marks omitted). In making the determination, courts "should also weigh the interest of justice when deciding whether to permit a surreply." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 338 (5th Cir. 2017) (citing *La Union del Pueblo Entero v. FEMA*, No. 1:08-CV-487, 2016 WL 6915962, at *1 (S.D. Tex. Apr. 12, 2016)). Where a surreply is allowed, it is "limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion." *Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 WL 2357280, at *9 (S.D. Tex. June 20, 2012), *aff'd*, 517 F. App'x 276 (5th Cir. 2013) (unpublished) (quoting *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.D.C. 2010)).

### III.   ANALYSIS

As noted above, Defendants' Motion for Leave attempts to vindicate the ostensible need for a surreply in the face of the presumption against its necessity (1) on a "corrected" *Tiller Helicopter* explication and (2) to notify the Court of the existence of the *Signet Builders* case. (Doc. 196 at 2).[1]

Having considered the Motion for Leave, the Court finds that leave for Defendants to file their surreply is not warranted. An overview of Defendants' motion leads the Court to the conclusion that

---

1. As Defendants correctly emphasize, the Court, in granting Plaintiff leave to file his reply in excess of the 10-page limit prescribed by the Local Rules, exclaimed that "if Defendants are to seek a surreply for Plaintiff's instant Reply, they must file a motion with the corresponding proposed surreply." (Doc. 196 at 1–2; *see also* Doc. 185 at 2). The extent to which Defendants imply the Court ensured an opportunity to consider a potential surreply should not be drawn to excess. The Court's prior order did not at any point *guarantee* that leave to file a surreply would be granted; thus, Defendants were still required to provide sufficient justification for filing any proposed surreply in the instant Motion for Leave. (*See* Doc. 185).

Defendants have not indicated which new or surprising arguments Plaintiff produced in his initial Reply concerning his Motion for Partial Summary Judgment. (*See generally* Doc. 196; *see also* Doc. 186). Thus, the Court finds that Defendants' Motion for Leave serves no practical purpose other than to give Defendants "the last word."[2] *See Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 571 (W.D. Tex. 2019).

The arguments propounded in the Motion for Leave are superfluous on their merits. Considering Defendants' first argument—the purported sine qua non that *Tiller Helicopter* should be properly summarized—the Court observes that *Tiller Helicopter*, as with any case published on such legal research databases as Westlaw or LexisNexis, is readily accessible for the Court's own viewing and interpretation. *See Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (denying leave to file surreply as the "[c]ourt [wa]s apprised of Plaintiff's position, factually and legally, in the[] matters"). Thus, the Court can locate the case and reach its own conclusion regarding the proper application, if one exists at all, of that case to the instant proceeding, notwithstanding Plaintiff's allegedly flawed expounding.

In this same vein, the Court disagrees with Defendants' implicit assertion that it needs to be "informed" of *Signet Builders*, another case which is published on Westlaw and LexisNexis. The decision in *Signet Builders* was released several months ago in August 2021, and the Court is therefore able to locate the decision through its own independent research. Defendants' Bat-Signal over Wisconsin as the Court examines across the vast jurisprudential landscape is nothing but ineffectual. *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) ("[W]hile the Court doubts that the existence of statutory or case law can ever be "new matter" so as to permit the filing of a surreply, that certainly is not the case here."). No justice will be subverted by the

---

2. To the extent that Defendants do indeed claim Plaintiff's proffered interpretation of *Tiller Helicopter* in his Reply is one of first impression in the briefings, the Court acknowledges that it was *Defendants* themselves which first cited the Fifth Circuit case in support of their own arguments. (*See* Doc. 162 at 9) (Defendants' response to Plaintiff's summary judgment motion). Defendants cannot now recharacterize the case's holding for a second time without explaining how such would be responsive to any new proposition Plaintiff has provided.

Court's continued confidence in its research capabilities.

Defendants have presented no good cause or exceptional circumstances otherwise warranting leave to file a surreply. Accordingly, Defendants' Motion for Leave shall be **DENIED**. (Doc. 196).

### IV.   CONCLUSION

Based on the foregoing, Defendants' Motion for Leave is **DENIED**. (Doc. 196).

It is so **ORDERED**.

SIGNED this 31st day of May, 2022.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE